[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12102
Non-Argument Calendar
_____

D.C. Docket No. 9:98-cr-08005-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY STRINGER,
a.k.a. Jeffery Stringer,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 26, 2016)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Jeffrey Stringer, proceeding with counsel, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. After careful review, we affirm.

## I.  BACKGROUND

In 1998, a federal grand jury charged Defendant with:  (1) manufacturing cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"); (2) possession with intent to distribute cocaine base ("Count 2"), in violation of § 841(a)(1); and (3) possession with intent to distribute cocaine, in violation of § 841(a)(1) ("Count 3").  Prior to trial, the Government filed a notice of enhancement based on Defendant's prior convictions pursuant to 21 U.S.C. § 851(a)(1).  Defendant proceeded to trial and a jury convicted him on all three counts in the indictment.

In anticipation of sentencing, the probation officer prepared Defendant's Presentence Investigation Report ("PSR").  The PSR indicated that Defendant was a career offender under U.S.S.G. § 4B1.1 because he had two prior convictions for either a crime of violence or a controlled substance offense.  Because the statutory maximum for at least one of the Defendant's present offenses was life imprisonment, Defendant's career offender status resulted in a base offense level of 37.  Receiving no reduction for acceptance of responsibility, Defendant's total offense level was 37.  Due to his numerous prior convictions and his career

offender designation, the PSR assigned Defendant a criminal history category of VI.  Based on a total offense level of 37 and a criminal history category of VI, the PSR calculated Defendant's initial guideline range as 360 months to life. However, because the statutory mandatory minimum for Counts 1 and 2 was life, Defendant's guideline range for those counts was life imprisonment.  As to Count 3, which carried a statutory maximum of 360 months, Defendant's guideline range was 360 months' imprisonment.

The district court sentenced Defendant to life imprisonment as to Counts 1 and 2, and 360 months' imprisonment as to Count 3, to run concurrently with each other.  On appeal, we affirmed.

In January 2015, Defendant filed a letter with the district court regarding his eligibility for a sentence reduction.  The district court construed his letter as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and appointed the Office of the Federal Public Defender to represent Defendant.

The district court ultimately denied Defendant's motion, concluding that, as a career offender, Defendant was not eligible for a sentence reduction.  Defendant moved for reconsideration, which was denied by the district court.  Defendant now appeals from that decision, arguing that he is eligible for a sentence reduction based on Amendment 782.  He contends that the district court improperly relied on

his status as a career offender in finding that he was ineligible for relief because one of his predicate offenses was not a crime of violence in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015).

## II.  DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

When determining whether a defendant is eligible for a sentence reduction, a district court is to consider only the effect of the applicable guideline amendment, and all other original sentencing determinations are to remain the same.  *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010) (holding that the alleged sentencing errors that the Defendant sought to correct were not affected by the applicable guideline amendment and were therefore outside the scope of the § 3582(c)(2) proceedings).

In order to be eligible for a sentence reduction, a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).

U.S.S.G. § 1B1.10(a)(1).  However, a district court may not use a guideline amendment to reduce a defendant's sentence unless the amendment actually lowers the defendant's applicable guideline range.  *Id.* 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).  Moreover, in cases where a guideline amendment would lower a defendant's otherwise-applicable guideline range, the district court lacks jurisdiction to consider a § 3582(c)(2) motion if the defendant's guideline range was based on a statutory mandatory minimum sentence.  *United States v. Liberse*, 688 F.3d 1198, 1201 (11th Cir. 2012); *United States v. Mills*, 613 F.3d 1070, 1076–78 (11th Cir. 2010).

Amendment 782 reduced the base offense level for most drug offenses by two levels.  *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014). Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline.  *See* U.S.S.G. App. C, Amend. 782 (2014).

When a defendant is sentenced as a career offender, his base offense level is determined by § 4B1.1, not under the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c).  U.S.S.G. § 4B1.1; *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).  In *Moore*, we considered whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which like Amendment 782, lowered the § 2D1.1(c) base offense levels for certain quantities of crack cocaine.  541 F.3d at 1325.  We held that the

5

defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their applicable guideline ranges, which had been calculated under § 4B1.1.  *Id.* at 1327–28, 1330; *see also United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) (holding that *Moore* remained binding precedent and that Amendment 750 did not lower the guideline range for career offenders).

Here, the district court did not err in denying Defendant's § 3582(c)(2) motion.  Defendant's total offense level and applicable guideline range were not based on the drug quantity offense levels in § 2D1.1, but instead were based on the career offender level in § 4B1.1.  Because Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 did not lower the sentencing range upon which Defendant's sentence was based.[1]  *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1327–28, 1330.

Defendant argues for the first time on appeal that his amended guideline range should be calculated without respect to his career offender designation given the Supreme Court's decision in *Johnson*.  We review sentencing challenges raised for the first time on appeal for plain error.[2]  *United States v. Moreno*, 421 F.3d

---

[1]  Notwithstanding Defendant's career offender designation, Defendant would also be ineligible for a sentence reduction with respect to Counts 1 and 2 because his applicable guideline range was based on the statutory mandatory minimum term of life imprisonment.  *Liberse*, 688 F.3d at 1201.  He would, however, be eligible for a sentence reduction as to Count 3 because his guideline range was not based on any statutory mandatory minimum sentence.

[2]  Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the

6

1217, 1220 (11th Cir. 2005). But Defendant cannot show that the district court erred plainly, or otherwise, because the district court was only permitted to consider the effect of the guideline amendment and was required to leave all original sentencing determinations intact. *Bravo*, 203 F.3d at 780–81; *see also Dillon*, 560 U.S. at 831. In short, Defendant cannot challenge his career offender designation in a § 3582(c)(2) proceeding. Accordingly, the district court committed no error in concluding that Defendant was ineligible for a sentence reduction under § 3582(c)(2) and Amendment 782.

**AFFIRMED.**

---

fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).